**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto Fernando PENA,**
**Defendant–Appellant.**

**No. 03–40041.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

James Lee Turner, Assistant US Attorney, Renata Ann Gowie, Assistant US Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, H. Michael Sokolow, Jason Bradford Libby, Houston, TX, for Defendant–Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Roberto Fernando Pena appeals his guilty-plea conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Citing the Supreme Court's decisions in *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000); *United States v. Morrison,* 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000); and *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), Pena argues, for the first time on appeal, that 18 U.S.C. § 922(g)(1) can no longer constitutionally be construed to cover the intrastate possession of a firearm merely due to the fact that it traveled across state lines at some point in the past. Accordingly, Pena argues that the factual basis supporting his guilty plea, which established that the firearms he possessed in Texas were manufactured in another state or foreign country, was insufficient to establish the interstate commerce element of 18 U.S.C. § 922(g).

Pena raises his argument solely to preserve it for possible Supreme Court review. As he acknowledges, his argument

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is foreclosed by existing Fifth Circuit precedent. *See United States v. Cavazos,* 288 F.3d 706, 712 (5th Cir.), *cert. denied,* 537 U.S. 910, 123 S.Ct. 253, 154 L.Ed.2d 189 (2002); *United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001), *cert. denied,* 534 U.S. 1150, 122 S.Ct. 1113, 151 L.Ed.2d 1007 (2002); *United States v. Gresham,* 118 F.3d 258, 264–65 (5th Cir.1997); *United States v. Kuban,* 94 F.3d 971, 973 (5th Cir.1996); *United States v. Rawls,* 85 F.3d 240, 242–43 (5th Cir.1996).

Because Pena's argument is foreclosed, the Government has moved for a summary affirmance of the district court's judgment. The motion is GRANTED. The judgment of the district court is AFFIRMED.

AFFIRMED; MOTION GRANTED.